622

## Yerger et ux. v. B. E. Block & Bros., Inc., et al.

*William A. O'Donnell, Jr.*, for plaintiffs.
*Wright, Mauck & Hawes*, for defendant.
*Russell J. Brownback*, for additional defendant.

DANNEHOWER, J., March 15, 1943.—Plaintiffs, on November 26, 1940, caused a writ in trespass to be issued against defendant, but filed no statement of claim. Because it assumed that the writ was based on a cause of action which arose on November 28, 1938, when Anna Yerger slipped, fell, and was injured on an icy sidewalk, and which the statute of limitations would presently bar, defendant, under the then-existing Pennsylvania Rule of Civil Procedure 2252 (a), filed a paper labeled "Answer and Petition for Leave to Join Additional Defendant". This paper set forth defendant's version of plaintiffs' alleged claim, averred that as no statement of claim had been filed it was unable to file an affidavit of defense, and that if anyone was liable to plaintiffs in damages that person was Edgar E. Orensten, who had full and complete control of the premises in question. Defendant then requested that Orensten be brought upon the record as an additional defendant, on the ground "that he is alone liable or liable with the defendant for any damages to the plaintiffs".

The court, after the usual preliminary rule, and after a hearing thereon was waived by counsel for plaintiffs, entered an order in the usual form on December 13, 1940, joining Orensten as an additional defendant.

On August 7, 1942, plaintiffs filed their statement of claim, to which defendant, on September 8, 1942, filed its affidavit of defense. The additional defendant never filed an answer, and consequently plaintiffs filed no supplemental statement.

On September 28, 1942, Orensten filed the present motion to dismiss the action as to him, on the grounds that: (1) Defendant has not complied with Pa. R. C. P. 2252(*a*) by filing an answer in the manner and form required of a defendant in an action of assumpsit; and (2) defendant failed to comply with Pa. R. C. P. 2252(*b*) in that it failed to set forth facts which would establish liability on the additional defendant. With regard to the first reason, the additional defendant contends that the paper filed by defendant does not fulfill the condition precedent to his joinder; that under no circumstances can the paper filed by defendant be construed as an answer, for the word "answer" presupposes a "statement", which is absent in this case. In other words, it is a contradiction in terms to call such a paper an "answer". We agree with this view. Plaintiff must have filed a statement of claim and defendant must have filed an affidavit of defense as a condition precedent to the filing of a petition to join an additional defendant. This is mandatory. Since no statement of claim or affidavit of defense was filed in the present case, the petition for joinder of an additional defendant is an unauthorized process and should be dismissed.

There is also merit in the additional defendant's second reason. Defendant sets forth no facts that would establish Orensten's liability, but mere conjectures and suppositions. For this reason also we were in error in exercising our discretion as we did.

Defendant takes the position that the additional defendant's motion to dismiss is one attacking the form or substance of the petition and order, and should have been filed, as required by Pa. R. C. P. 2256 (*b*), "within twenty days after the service of the petition and order". However, what is sought here is to vacate from the record an order that was unauthorized and void when entered. We feel that, as the order should never have been entered, it should now be vacated.

Further, we do not see how defendant can be prejudiced by such action. Although in its petition defendant concludes that Orensten "is alone liable or liable with the defendant", nevertheless, in the same petition it is averred that Orensten "is in full and complete control and responsibility for the said premises or place where the alleged accident occurred and that any injuries and damages on the part of the said plaintiff or plaintiffs are such that the said Edgar E. Orensten, as aforesaid, is and would be liable for . . ." After all, plaintiffs have elected to sue defendant. If, upon the trial, defendant can satisfactorily establish that it was not negligent, or that Orensten's negligence caused the damages, a verdict in favor of defendant will protect all its rights.

And now, March 15, 1943, for the reasons given in the foregoing opinion, it is ordered, adjudged, and decreed as follows:

The petition of defendant to join Edgar E. Orensten as an additional defendant, filed on November 27, 1940, is hereby dismissed, and the order entered thereon on December 13, 1940, is vacated; and it is further ordered that the present action is hereby dismissed as to the said Edgar E. Orensten, additional defendant.